# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MICKENS, | : | CRIMINAL NO. |
| Movant, | : | 1:08-CR-0404-RWS-GGB |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-2015-RWS-GGB |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |

## **FINAL REPORT AND RECOMMENDATION**

Movant, Christopher Mickens, has filed a motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 113]. He is serving a sentence of three hundred months in custody on his conviction for possessing at least 50 grams of cocaine base with the intent to distribute, possession of at least 500 grams of cocaine with the intent to distribute, possession of a firearm in furtherance of drug trafficking crimes, and possession of a firearm by a convicted felon. [Doc. 82]. Presently before me for consideration are Movant's § 2255 motion to vacate [Doc. 113], the United States of America's (hereinafter "Government's") response to the motion to vacate [Doc. 115], and Movant's motion for new trial [Doc. 118]. For the reasons discussed below, I recommend that Movant's motions be denied.

I. Background

A. Factual Background

On the morning of September 24, 2008, at approximately 5:52 a.m., Officer Rudick with the Atlanta Police Department ("APD") responded to a 911 emergency call at 2256 Barge Road in Atlanta, Georgia. [Doc. 100 at 88-89]. The caller reported a domestic violence incident with a man beating a woman and possibly involving a firearm. [*Id.*]. Officer Rudick responded and was the first police officer on the scene, arriving within two minutes of receiving the dispatch. [Doc. 100 at 89]. Officer Rudick observed a white vehicle parked in the driveway of the residence. [*Id.* at 89, 91]. Officer Rudick exited his patrol car and observed two people inside the car–a female in the driver's seat and a male in the front passenger seat. [*Id.*]. Officer Rudick approached the vehicle, tapped on the window, and asked the occupants to step out. [*Id.* at 89-90]. Both occupants ignored Officer Rudick, and the vehicle drove away, making a right turn onto Barge Road. [Doc. 100 at 90].

Officer St. Hill, the second police officer on the scene, saw a white vehicle exiting the driveway at 2256 Barge Road and saw Officer Rudick rushing back to his vehicle. [Doc. 100 at 99]. Officer St. Hill then followed the vehicle. [Doc. 100 at 100]. Officers Rudick and St. Hill followed the vehicle for approximately five minutes during a low speed chase. [*Id.*]. The officers chased the vehicle to the rear

2

parking lot of a school located on Rux Road. [*Id.*]. Before the vehicle came to a complete stop, the officers observed Movant exit the passenger door of the vehicle and attempt to flee on foot. [Doc. 100 at 91, 100].

Officers Rudick and St. Hill both left their patrol cars and chased Movant. [Doc. 100 at 90-91, 100-101]. Officer St. Hill tackled Movant and both officers were able to detain him. [*Id.* at 91, 100, 108]. The female driver of the vehicle was arrested, and the vehicle was impounded and inventoried. [Doc. 100 at 101]. During an inventory of the vehicle, officers recovered five firearms, including three assault rifles, two revolvers, hundreds of rounds of ammunition, over 500 grams of powder cocaine, over 50 grams of cocaine base, scales, and cutting tools. [Doc. 101 at 40, 43, 53-54]. They also recovered approximately $1,420 from Movant's pocket. [Doc. 100 at 93-94].

Officer Fisher, a Task Force Officer with the Bureau of Alcohol, Tobacco and Firearms, responded to the Zone Four precinct and spoke with Movant and advised him of his *Miranda* warnings. [Doc. 101 at 88, 90-93]. Movant waived his rights and agreed to speak with Officer Fisher. [*Id.* at 93-94]. Movant claimed ownership of the drugs and guns recovered from the female driver's vehicle. [Doc. 101 at 96-99]. Movant also told Officer Fisher the quantity of drugs in the vehicle and that he paid

3

$14,500 for a half block of cocaine. [*Id.* at 98]. Movant admitted that the guns in the vehicle belonged to him and that he purchased them from a person named "Preston." [*Id.*]. Movant also admitted that he had an argument with a female in front of the residence before the police arrived. [Doc. 101 at 95-96].

Jaquitta Maxwell, the female driver and owner of the vehicle, testified that Movant loaded a guitar case and a shoe box into her vehicle on the morning of September 24, 2008. [Doc. 101 at 25, 31]. Ms. Maxwell also stated that when police arrived at the residence, Movant told her to drive away. [*Id.* at 26]. Ms. Maxwell also testified that, after a short chase, Movant jumped from her car and was arrested by the police. [*Id.* at 27].

Additional facts are discussed in context below.

B. Procedural History

On October 14, 2008, a grand jury in this Court returned a four-count indictment against Movant. [Doc. 10]. Specifically, Movant was charged with possessing at least 50 grams of cocaine base ("crack cocaine") with the intent to distribute (Count One), possession of at least 500 grams of cocaine with the intent to distribute (Count Two), possession of a firearm in furtherance of drug trafficking crimes (Count Three), and possession of a firearm by a convicted felon (Count Four),

4

in violation of Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), 841(b)(1)(A)(iii) and 18 U.S.C. §§ 922(g) and 924(c). [*Id.*].

Movant's first attorney filed a motion to suppress evidence and request for evidentiary hearing. [Doc. 23]. He challenged the stop of the vehicle in which Movant had been a passenger. A hearing on this motion was held before me on December 8, 2008. [Doc. 25]. I recommended that the motion be denied, and on April 3, 2009, the district court adopted my recommendation over Movant's objections. [Docs. 29, 31].

A second attorney, federal defender Nicole Kaplan, was appointed on April 7, 2009, to substitute for Movant's original retained attorney. [Doc. 34].

On July 27, 2009, a jury trial commenced and, on July 29, 2009, the jury convicted Movant of all counts in the indictment. [Docs. 65-69, 99-102]. On January 5, 2010, the district court sentenced Movant to a total term of 300 months of imprisonment, to be followed by ten years of supervised release, and a special assessment of $400. [Doc. 82]. On January 25, 2010, Movant filed a timely notice of appeal. [Doc. 83]. On January 7, 2011, the United States Court of Appeals for the Eleventh Circuit affirmed Movant's convictions and sentences. [Doc. 111]. The Supreme Court denied certiorari. [Doc. 116].

On June 20, 2011, Movant filed a motion to vacate his sentence under 28

5

U.S.C. § 2255, raising the following grounds for relief:

1. unconstitutional search and seizure because the arresting officers fabricated reports of plain view searches to justify probable cause for the search;

2. counsel was ineffective for failing to raise the search and seizure claim on appeal;

3. trial counsel was ineffective for failing to disclose relevant facts of officers' perjury and forged evidence and counsel failed to test the officers' credibility and knowledge of the facts;

4. impeachment information was not disclosed to the jury;

5. trial counsel was ineffective for failing to raise the impeachment claim at trial and on appeal;

6. trial counsel was generally ineffective by violating the rules of criminal procedure and the rules of professional conduct, failing to disclose perjury and adverse authority, failing to report misconduct, and violating attorney-client trust; and

7. the motion to suppress was denied based on perjury and forged evidence from an ATF agent, who testified that he responded to an arrest scene where Movant claimed ownership of the guns and drugs, but at trial, testified that he did not go to the arrest scene.

[Doc. 113].

II. Standard of Review

Under § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was

6

imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962); *see generally United States v. Hayman*, 342 U.S. 205 (1952). "To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding her claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989). Under § 2255, however, an evidentiary hearing is required when the Court cannot determine from the record that the prisoner is entitled to no relief. *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). As discussed below, the motion and record of the case conclusively show that Movant is not entitled to relief or to an evidentiary hearing.

7

III. Discussion

    A. Movant's Ineffective Assistance of Counsel Claims Are Without Merit.

"Ineffective assistance of counsel claims are governed by the standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." *Green v. Nelson*, 595 F.3d 1245, 1249 (11th Cir. 2010). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 687). To establish deficiency, a petitioner must show that "counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688). Additionally, to establish prejudice, a petitioner must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Movant raises the following ineffective assistance of counsel claims: (1) counsel was ineffective for failing to raise the search and seizure claim on appeal; (2) trial counsel was ineffective for failing to disclose relevant facts of officers' perjury and forged evidence, and counsel failed to test the officers' credibility and knowledge of the facts; (3) trial counsel was ineffective for failing to raise the

8

impeachment claim at trial and on appeal; and (4) trial counsel was generally ineffective by violating the rules of criminal procedure and the rules of professional conduct, failing to disclose perjury and adverse authority, failing to report misconduct, and violating attorney-client trust.

Movant's claims that counsel was ineffective for failing to raise several issues on appeal, specifically the search and seizure claim and the impeachment claim, are without merit. Movant does not have a right to have every possible argument raised on appeal. Indeed, it is up to appellate counsel to "'winnow out' weaker arguments," *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983), and appellate counsel is not ineffective for failing to raise a frivolous argument on appeal. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

Movant's search and seizure argument fails because as found by the magistrate judge and the district court, there was reasonable suspicion for the stop of the vehicle in which Movant was a passenger. Movant had no possessory interest in the vehicle, therefore, he did not have standing to challenge the search of the interior of the vehicle after it was stopped. *United States v. Lee*, 586 F.3d 859, 864 (11th Cir. 2009).

Also, Movant has failed to show any perjury or misconduct on the part of the Government's witnesses. Thus, Movant has failed to show that counsel performed

9

deficiently by failing to raise these issues on appeal. Moreover, Movant has not shown that he was prejudiced by counsel's failure to raise the claims on appeal. Movant has not established that it is more likely than not that the result of his appeal would have turned out differently had counsel raised the claims. Accordingly, Movant's ineffective assistance of counsel claims on appeal are without merit.

Movant's arguments that counsel was ineffective at trial are also without merit. Movant contends that trial counsel was ineffective for failing to do the following: disclose relevant facts of officers' perjury and forged evidence; test the officers' credibility and knowledge of the facts; and raise the impeachment claim at trial. Movant also raises a general ineffective assistance of counsel claim, arguing that trial counsel was ineffective by violating the rules of criminal procedure and the rules of professional conduct, failing to disclose perjury and adverse authority, failing to report misconduct, and violating attorney-client trust.

Movant's main contention underlying these claims appears to be that his trial counsel was ineffective because she failed to impeach Officer Rudick and Officer Day, one of the investigating officers who arrived on the scene after the arrest and participated in the search of the vehicle, at trial with prior inconsistent statements in the police reports and in the testimony at the suppression hearing. Movant points to

10

several alleged inconsistencies in the officers' statements in the police reports and in some of the testimony at trial and at the suppression hearing, including the following:

1. Officer Rudick's incident report indicated that Officer Day observed weapons and drugs in plain view in the vehicle whereas Officer Fisher's report indicated that the evidence was discovered during an inventory search of the vehicle [Doc. 113 at 29, 31];

2. Officer Fisher testified at the detention hearing, and Officer Rudick testified at the suppression hearing, that Ms. Maxwell's vehicle was backed into the driveway when the officers arrived at the residence in response to the 911 call [Doc. 95 at 3-4; Doc. 25 at 11] whereas Ms. Maxwell testified at trial that she backed out of the driveway when she and Movant fled [Doc. 101 at 26; Doc. 113 at 21]; and

3. Officer Rudick testified, and his incident report stated, that he approached the vehicle when he arrived at the house, whereas Officer Harrell's (one of the investigating officers) report indicated that the vehicle was leaving the residence when Officer Rudick arrived at the residence and that he began following the vehicle in his patrol car [Doc. 113 at 21, 30].

"The decision as to whether to cross-examine a witness is a tactical one well within the discretion of a defense attorney. . . . Absent a showing of a single specific instance where cross-examination arguably could have affected the outcome of either the guilt or sentencing phase of the trial, a [petitioner] is unable to show prejudice necessary to satisfy the second prong of *Strickland*." *Fugate v. Head*, 261 F.3d 1206, 1219 (11th Cir. 2001) (citations and internal quotation marks omitted). "Ineffective

11

AO 72A
(Rev.8/82)

assistance . . . will not be found merely because other testimony might have been elicited from those who testified," though the Eleventh Circuit has "found ineffective assistance where counsel failed to impeach the key prosecution witness with prior inconsistent testimony where the earlier testimony was much more favorable to the defendant." *Id.* at 1219-20 (internal quotation marks and citations omitted) (emphasis added). "Though counsel may have performed deficiently in failing to impeach a witness, the defendant must still demonstrate that prejudice resulted from the deficient cross-examination." *Broadwater v. United States*, 347 F. App'x 516, 519-20 (11th Cir. 2009).

Movant's counsel cross-examined several Government witnesses at trial on inconsistent statements, including attempts to impeach Officer Fisher with testimony from the suppression hearing and police reports regarding whether Officer Fisher responded to the arrest scene or to the Zone Four precinct. [Doc. 101 at 125-126]. Counsel also attempted to impeach Officer St. Hill with prior suppression hearing testimony regarding whether he arrived when the vehicle was already pulling out or whether Officer St. Hill arrived when Officer Rudick was still attempting to speak with the occupants. [Doc. 100 at 104-107]. Counsel also cross-examined Officer St. Hill regarding whether he saw Movant exit the vehicle while it was still moving or

after it had come to a complete stop. [*Id.* at 104-105]. Accordingly, Movant has not shown how counsel's failure to impeach Officers Day and Rudick was deficient performance.

Moreover, Movant has not shown how he was prejudiced by the alleged deficiencies of trial counsel. As stated previously, Movant did not have standing to challenge the search of the vehicle in which he was a passenger. Thus, any discrepancy about whether the search was a "plain view" search or an inventory search was irrelevant. In any event, at the time of the search, any pre-trial motion to suppress the search would have been denied under the then-binding circuit law which allowed the officers to search the vehicle after the occupants had been arrested. *See Davis v. United States*, 131 S. Ct. 2419 (2011).

Finally, the evidence introduced at trial against Movant was overwhelming. Movant confessed to possessing the drugs and firearms found in the vehicle. Thus, Movant's ineffective assistance of counsel claims are without merit.

B. Movant's Other Claims Are Procedurally Defaulted.

Movant raises three claims that he failed to raise on appeal: unconstitutional search and seizure because the arresting officers fabricated reports of plain view searches to justify probable cause for the search; impeachment information was not

13

disclosed to the jury; and the motion to suppress was denied based on perjury and forged evidence from an ATF agent, who testified that he responded to an arrest scene where Movant claimed ownership of the guns and drugs, but at trial, testified that he did not go to the arrest scene.

Under the procedural default rule, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). As the Supreme Court has explained, this rule "is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Here, Movant procedurally defaulted the above three claims because he failed to raise them on direct appeal. His procedural default can be excused, however, if one of the two exceptions to the procedural default rule applies.

The exceptions are: (1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence. *See Lynn*, 365 F.3d at 1234. Under the cause and prejudice exception, a § 2255 movant can avoid application of the procedural default bar by "show[ing] cause for not raising the claim of error on direct appeal and actual

14

prejudice from the alleged error." *Id.* "Under the actual innocence exception—as interpreted by current Supreme Court doctrine—a movant's procedural default is excused if he can show that he is actually innocent . . . of the crime of conviction . . . ." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011).

Movant's claims that his procedural default should be excused because of ineffective assistance of counsel are without merit. As discussed above, appellate counsel was not ineffective. Therefore, Movant has failed to establish cause and prejudice for failing to raise the claims, and they are procedurally defaulted in this Court. Movant also has not shown actual innocence. Movant confessed to possession of the drugs and firearms. Thus, Movant's three claims are procedurally defaulted and cannot be considered on the merits.

IV. Movant's Motion for New Trial

Movant filed a motion for new trial on December 20, 2011, after he filed his § 2255 motion, arguing that he has newly discovered evidence regarding inconsistent statements made by the officers involved in his arrest and investigation. [Doc. 118]. Movant's motion does not present any new evidence, because Movant knew about the alleged inconsistent statements by Officers Fisher and Rudick that he cites in his motion. Thus, Movant's motion for new trial is untimely and should be **DENIED**.

15

*See* Fed. R. Crim. P. 33(b)(2) ("Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.").

V. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant received effective assistance of counsel and his remaining claims are procedurally defaulted. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

16

AO 72A
(Rev.8/82)

VI. Conclusion

Based on the foregoing, **I RECOMMEND** that Movant Christopher Mickens' motion to vacate sentence [Doc. 113] be **DENIED**, and that he be **DENIED** a certificate of appealability.

**I FURTHER RECOMMEND** that Movant's motion for new trial [Doc. 118] be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 24th day of October, 2012.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)