IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MICKENS, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:08-CR-0404-RWS-GGB |
| | : | |
| UNITED STATES, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:13-CV-1595-RWS-GGB |

**FINAL REPORT AND RECOMMENDATION**

Movant, Christopher Mickens, has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Doc. 125]. Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion." Rule 4, § 2255 Proceedings. I have examined Movant's § 2255 motion and the record in this case and find it plainly apparent that Movant is not entitled to relief for the reasons explained below.

AO 72A
(Rev.8/82)

## I. Background

Movant was convicted of drugs and firearms offenses and sentenced by this Court on January 5, 2010. [Doc. 82]. Movant appealed, and on January 7, 2011, the United States Court of Appeals for the Eleventh Circuit affirmed Movant's convictions and sentences. [Doc. 111]. The Supreme Court denied certiorari. [Doc. 116].

On June 20, 2011, Movant filed a § 2255 motion with this Court. [Doc. 113]. In an Order dated February 27, 2013, the Court adopted my Report and Recommendation [Doc. 120] and denied the motion. [Doc. 123].

On May 9, 2013, a second § 2255 motion submitted by Movant was filed in this Court. [Doc. 125]. For the reasons discussed below, I recommend that this motion be dismissed as successive.

## II. Discussion

Movant's § 2255 motion is subject to dismissal because Movant has already filed, and this Court has considered, a § 2255 motion challenging his convictions and sentences. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C.

AO 72A
(Rev.8/82)

§ 2244(b)(3)(A). Therefore, Movant must now seek authorization from the Eleventh Circuit to file a successive § 2255 motion in this Court. Because Movant has not obtained authorization, this Court lacks jurisdiction to consider his motion. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

## III.  Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant's motion is successive, and he must seek authorization from the Eleventh Circuit in order for this Court to consider it. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

## IV. Conclusion

Based on the foregoing, **I RECOMMEND** that Movant's § 2255 motion [Doc. 125] be **DISMISSED** as successive.

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this  20th day of May, 2013.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)